# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRYANT K. CALLOWAY, | ) | 3:12-cv-00441-RCJ-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| TORY M. PANKOPF, an individual, TORY M. PANKOPF, LTD, a Nevada Corporation, | ) | |
| Defendants. | ) | |

Before this court, therefore, is the matter of Plaintiff's Request for Entry of Default (Doc. #5), Defendants' Response thereto (Doc. # 11) and Plaintiff's Opposition to Defendants' Response (Doc. # 12), which the court will treat as a reply in support of the request for entry of default.

**I. Procedural History**

On July 9, 2012, Plaintiff filed his verified complaint as against Defendants in the Superior Court of the State of California, in and for the County of Orange. Defendant Pankopf on August 17, 2012, filed a Notice of Removal on August 17, 2012 (Doc. #1), and the matter was removed to the United States District Court on the basis of diversity jurisdiction. Defendant Tory Pankopf filed a Statement re Removal on September 10, 2012 (Doc. # 4). The matter thereafter languished until February 25, 2013, when Plaintiff filed his Request for Entry of Default as to both defendants. (Doc. # 5). Rather than filing a response to Plaintiff's Request, Defendant Tory M. Pankopf filed an Answer to Plaintiff's Complaint (Doc. # 6) on February 27, 2013.

Defendant's filing (Doc. # 6) prompted this court to enter a Minute Order on February 28, 2013,

1  directing Defendant Pankopf to address Plaintiff's Request for Entry of Default and explain, in
2  accordance with Fed. R. Civ. P. 55(a), why the Clerk should not enter a default against Defendants and
3  each of them. (Doc. # 8.) Defendant was also ordered to explain why no answer was filed for Tory M.
4  Pankopf, Ltd., since Defendant's Notice of Removal reflected both Defendants Tory M. Pankopf and
5  Defendant Tory M. Pankopf, Ltd., were served with Plaintiff's action (*id.*).   Defendant Pankopf on
6  March 11, 2013, then filed a motion seeking a one week extension of time to respond to the court's order
7  (Doc. #9) which motion the court granted (Doc. #11). On March 18, 2013, an Answer to Plaintiff's
8  Complaint (Doc. #11) was filed on behalf of Defendant Tory M. Pankopf, Ltd., followed by Defendants'
9  Response to Plaintiff's Request for Entry of Default on the same day (Doc. # 12).  Plaintiff Calloway
10 filed his Opposition to Defendants' Response (Doc. #12) on March 28, 2013.

11 **II. Discussion re Request for Entry of Default**

12         Plaintiff's February 21, 2013 request for entry of default (Doc. #5) is based on defendants' failure
13 to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

14         Defendants' response (Doc. # 11) acknowledges that service upon the defendants was complete
15 on August 1, 2012 and that the defendants' answers or other responses to the complaint were due on
16 August 31, 2012.  The defendants also admit the answers on behalf of each defendant were filed in
17 response to Plaintiff's request for entry of default.  Defendants argue that until a default is "entered" by
18 the clerk, a defendant can still appear in the action and that since their answers were filed prior thereto,
19 the request for default must be denied. *Id.* at 2.  The defendants additionally argue that because the
20 notice of removal and subsequent statement regarding removal constitute an appearance by the
21 Defendants, the request for default must be denied. *Id*. at 3.

22         As to the court's inquiry why no answer was filed for the corporation at the same time as  an
23 answer was filed for Defendant Pankopf, Defendant states he instructed his staff to e-file the answer, but
24 neglected to clarify with his staff "that she was to file 2 separate answers. One for himself and one for
25 the corporation." *Id.* at 3-4.  This does not explain, however, why Defendants failed to file any
26 responsive pleading (after Defendants removed this matter to federal court in August of 2012) until
27 February 2013 – and then only after Plaintiff requested entry of default.

28         Plaintiff's opposition (Doc # 12) notes that Defendant Pankopf is a licensed attorney in

2

California and Nevada and practices law in state and federal courts, including practicing before the Ninth Circuit Court of Appeals and has litigated extensively in the District of Nevada and therefore is not entitled to the usual deference accorded pro se parties. The opposition also notes, as did the court above, that no satisfactory explanation was provided by Defendants as to why, despite being properly served with the summons and complaint, answers for each defendant were not served for over six months.

Lastly, Plaintiff argues that the Defendants bear the burden of establishing good cause for their failure to timely respond to the complaint and that despite being afforded an opportunity to do so, no explanation is offered. Plaintiff notes that Defendant Pankopf is a lawyer with knowledge of the consequences of the failure to timely plead and that "[a]ny other result would subvert the purpose and policy underlying the Federal Rules of Civil Procedure, which is to ensure the speedy filing of answers in removed actions." *Id*. at 9.

### III. Conclusion

Because the motion for default was filed before the answers, the court clerk has to enter the default. Defendants' argument that the filing of answers <u>after</u> Plaintiff sought a default by reason of Defendants' failure to respond to the complaint (Doc. # 12 at 2), is unpersuasive. The prerequisites for entry of default have all been satisfied: (1) Defendants were properly served with process; (2) the District Court enjoys subject matter jurisdiction over the litigation; and, (3) the Plaintiff established by affidavit and reference to the record Defendants failed to timely respond. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2nd Cir. 2011); *New York Life Ins. Co. v. Brown*, 85 F.3d 127, 141 (5th Cir. 1996). The Clerk shall therefore enter the requested default as to each Defendant.

Defendants' remedy, therefore, is to file a motion to set aside the default under Fed. R. Civ. P. 55(c). The court expresses no opinion at this juncture whether Defendants' arguments against entry of the default proffer sufficient "good cause" under Rule 55(c) to warrant setting aside the defaults as to each defendant. *See, e.g., Brandt v. American Bankers Ins. Co.*, 655 F.3d 1108, 1111 (9th Cir. 2011).

/ / /

/ / /

/ / /

/ / /

1       Therefore, the Clerk is directed to enter defaults against Defendant Tory M. Pankopf, an individual, and Defendant Tory M. Pankopf, Ltd., a Nevada Corporation.

**IT IS SO ORDERED.**

**DATED: April 10, 2013**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4